IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr189

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| JESSYE WAYNE POWELL | ) | |
| | ) | |

**THIS MATTER** is before the Court upon letter of the defendant pro se dated July 19, 2007, asking that the Court intervene based on his dissatisfaction with his retained lawyer. (Doc. No. 82).

The defendant has not asked for appointment of different counsel,[1] but rather that the Court order the retained lawyer to refund 60% of the $17,000 that was allegedly paid for the defense of this case, so that the defendant can retain a different attorney. While the Sixth Amendment guarantees a defendant's right to a reasonable opportunity to secure counsel of his own choosing, the government has an interest in proceeding with prosecutions on an orderly and expeditious basis. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). Here, the defendant first appeared in federal court nearly a year ago, and the trial of this case has been continued five times, four of which were on the defendant's motion (Doc. No. 19, 41, 48, 61). When the last motion was granted on June 4, 2007, the Court specially set this case for trial on August 20, 2007. Accordingly, if the defendant exercises his right to retain new counsel, he must nevertheless be prepared for trial as scheduled. Additionally, it is not the Court's province to arbitrate any fee dispute between the defendant and current counsel in this criminal case.

---

[1] The defendant has not established that he qualifies for appointed counsel.

**IT IS, THEREFORE, ORDERED** that the defendant's request is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: July 30, 2007

Robert J. Conrad, Jr.
Chief United States District Judge