FILED
IN COURT
CHARLOTTE, N. C.

AUG 13 2007

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:06CR189-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CONSENT ORDER AND** |
| ) | **JUDGMENT OF FORFEITURE** |
| JESSYE WAYNE POWELL, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c):

**the sum of $139,530, consisting of funds previously invested with R. Casteel Company;**

**the sum of $23,433.10 as a substitute res for real property located at 500 Gray Drive, Charlotte, North Carolina;**

**real property located at 927 Woodington Lane, Charlotte, North Carolina, which is more particularly described in a deed dated April 26, 2004, and recorded at Deed Book 17107, Page 377, in the Mecklenburg County Public Registry;**

**real property located at 9039 Reading Cove, Cordova, Shelby County, Tennessee 38016, Parcel ID D0208F F00116, as more particularly described in a warranty deed dated September 8, 2004, and recorded at File No. 2103-577419, in the Shelby County Register's Office, as follows: Lot 264, Phase 2, Section A, BERRYHILL FARMS SUBDIVISION, as shown on plat of record in Plat Book 151, Page 4, in the Register's Office of Shelby County, Tennessee;**

**a monetary judgment in the amount of $150,000, which sum represents proceeds obtained, directly or indirectly, from violation(s) of Title 21, United States Code;**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. a forfeiture money judgment in the amount of $500,000 shall be included in the sentence of the defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

4. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

5. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

6. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
KEVIN ZOLOT
Assistant United States Attorney

_____
JESSYE WAYNE POWELL
Defendant

_____
TOLLY KENNON
Attorney for Defendant

2

Signed this the 13th day of August, 2007.

_Carl Horn, III_
UNITED STATES MAGISTRATE JUDGE