UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-377-RJC
3:06-cr-189-RJC

| | |
|---|---|
| JESSYE WAYNE POWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Answer and Motion to Dismiss (Doc. Nos. 5, 6); Petitioner's Reply, (Doc. No. 8), and related pleadings. For the reasons that follow, the Government's motion will be granted and Petitioner's § 2255 motion will be denied and dismissed.

I.   BACKGROUND

Petitioner was charged by a grand jury in this district with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); possession with intent to distribute five kilograms or more of cocaine, and aiding abetting that offense, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (Count Two); conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (Count Three); wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Four); and making materially false statements to a bank, in violation of 18 U.S.C. § 1014 (Counts Five and Six). (3:06-cr-189, Doc. No. 53: Second

1

Superseding Indictment). The Government had previously filed an information pursuant to 21 U.S.C. § 851 alleging Petitioner's two prior felony drug convictions. (Id., Doc. No. 21).

Shortly before the scheduled trial date, Petitioner entered a written plea agreement in which he agreed to plead guilty to Counts One and Three in exchange for dismissal of the remaining counts. (Id., Doc. No. 98 at 1). The Government also agreed to strike one of the felony drug convictions in the § 851 information, reducing the statutory range of imprisonment from mandatory life to twenty years to life. (Id. at 1-2). The plea agreement recites Petitioner's stipulation that at least five kilograms of cocaine was reasonably foreseeable to him and that the drug quantity's base offense level would be determined at sentencing. (Id. at 2). The parties agreed to a sentence within the applicable guideline range. (Id. at 3). Petitioner agreed to reimburse the United States for the cost of court-appointed counsel and to the inclusion of that cost in the judgment. (Id. at 4). The plea agreement recites Petitioner's understanding, after discussion with counsel, of his waiver of his rights to trial, appeal, and post-conviction attack, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5).

Petitioner appeared before a magistrate judge for his Plea and Rule 11 hearing with counsel and he was placed under oath. (Case No. 3:06-cr-189, Doc. No. 170: Plea Hr'g Tr. at 2). The magistrate judge explained the charges, including the drug quantity in Count One as being five kilograms or more of cocaine plus marijuana and the conspiracy in Count Three to conduct financial transactions with proceeds of unlawful activity to conceal their nature. (Id. at 5-6). The magistrate judge further informed Petitioner that the minimum punishment was twenty years' imprisonment and a maximum of life for Count One and a twenty year maximum for Count Three. (Id. at 7). Petitioner affirmed that he understood the charges and penalties, his waiver of

2

his right to trial, and his guilt regarding Counts One and Three. (Id. at 7, 10). Petitioner also affirmed the terms of the plea agreement that provided he could receive a sentence up to the statutory maximum and that he understood he was waiving his trial, appellate, and post-conviction rights except for ineffective assistance of counsel and prosecutorial misconduct. (Id. at 10-11, 14, 16). Finally, Petitioner affirmed that he had enough time to discuss his case with counsel and was satisfied with his services. (Id. at 17-19). The magistrate judge accepted Petitioner's plea as knowingly and voluntarily entered. (Id. at 20; Doc. No. 99: Acceptance and Entry of Guilty Plea at 5).

The draft of a presentence report (PSR) calculated the offense level and criminal history category according to the career offender guideline based on Petitioner's two prior felony drug convictions. (Id., Doc. No. 119: Draft PSR at 10, 14). New counsel filed objections to the PSR, but did not challenge the career offender determination.[1] (Id., Doc. No. 156 at 1; Doc. No. 157: Final PSR at 23). Thus, the advisory guideline range was 262 to 327 months.

At the sentencing hearing the Court confirmed that Petitioner's guilty plea was knowing and voluntary, understanding the charges, potential penalties, and consequences of entering the plea. (Id., Doc. No. 171: Sent. Hr'g Tr. at 2). The parties stipulated that there was a factual basis to support the plea and, in the absence of objections to the career offender determination in the PSR, the Court found that the advisory guideline range to be 262-327 months after the Government struck one of the convictions in the § 851 information. (Id. at 3-7). After hearing from the parties, the Court sentenced Petitioner at the low end of the range to 262 months' imprisonment on Count One and 240 concurrent months on Count Three. (Id., Doc. No. 165:

---

[1] Based on potential conflict of interest, new counsel was appointed following Petitioner's guilty plea. (Case No. 3:06-cr-189, Oral Order May 8, 2008; Doc. No. 146: Appointment of Counsel).

Judgment at 2).

Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 160). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting that he had found no meritorious grounds for appeal, but questioning whether this Court erred by declining to strike the Government's § 851 information because it was filed before the return of the second superseding indictment. United States v. Powell, 389 F. App'x 287, 288 (4th Cir. 2010). Petitioner filed a supplemental pro se brief challenging his career offender status. Id. The appellate court found both issues to be without merit and affirmed the judgment. Id.

Petitioner timely filed the instant § 2255 motion claiming: (1) counsel provided ineffective assistance for failing to object to the sentence and the imposition of court-appointed counsel costs; (2) prosecutorial misconduct for failing to provide exculpatory information prior to his guilty plea; and (3) actual innocence of money laundering. (Doc. No. 1). The Government answered the motion and moved to dismiss it, (Doc. Nos. 5 and 6), and Petitioner replied, (Doc. No. 8). He also moved to amend the § 2255 motion to add a claim under Descamps v. United States, 133 S. Ct. 2276 (2013), that one of his California convictions no longer qualifies as a predicate for career offender status. (Doc. No. 9).

II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact

and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to a motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The Court has considered the record in this matter and applicable authority and concludes that all the claims can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (affirming summary disposition where files and records conclusively show that petitioner is entitled to no relief).

III. DISCUSSION

    A. Ineffective assistance of counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the

standard set forth in Strickland.  In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).  To challenge issues at sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248 49 (4th Cir. 1999).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983).  If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).  In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998).  Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

The gravamen of Petitioner's claim is that counsel provided ineffective assistance by failing to object to the sentence imposed for Count One. (Doc. No. 1: Motion at 7).  He asserts that the penalty exceeded the statutory maximum for the amount of marijuana involved; that he no longer qualified as a career offender when the Government withdrew one of the convictions in the § 851 information; and that no fine should have been imposed for court-appointed counsel costs. (Id. at 8-10, 12).

Petitioner's argument about the maximum penalty for marijuana is mistaken because, as detailed above, he pled guilty to a conspiracy offense involving at least five kilograms of cocaine and a quantity of marijuana for which the statutory penalty was twenty years to life. (3:06-cr-189, Doc. No. 98: Plea Agreement at 1-2). Therefore, counsel did not provide ineffective assistance for failing to object because the 262 month sentence did not exceed the statutory range triggered by Petitioner's plea.

Petitioner raised his challenge to career offender designation in his pro se brief on direct appeal. (Case No. 09-4239, Doc. No. 41 at 2). The Fourth Circuit's rejection forecloses relitigating the issue in this collateral proceeding. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (A petitioner "will be not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal.). Even considering the merits of the claim, the Government's striking a conviction under § 851 for purposes of reducing the statutory range of punishment has no bearing on the determination under the guidelines of predicate convictions for career offender status. Petitioner has not shown that his 1999 California conviction fails to meet the definition of a controlled substance offense under USSG §§4B1.1(a) and 4B1.2(b); therefore, he is not entitled to relief on this claim.

Finally, Petitioner's claim that his trial counsel was ineffective for failing to object to the imposition of court appointed counsel fees is without merit because Petitioner had previously agreed to pay such costs as part of his guilty plea. (3:06-cr-189, Doc. No. 98: Plea Agreement at 4). Additionally, at the time Petitioner's judgment was entered on March 16, 2009, the Fourth

Circuit had not issued a published opinion finding that a sentencing court must make specific findings regarding a defendant's ability to pay attorney's fees. It later did so in United States v. Moore, 666 F.3d 313, 321-24 (4th Cir. 2012). Because there was no controlling law in this Circuit on this issue at the time he was sentenced, Petitioner cannot demonstrate deficient performance of counsel. See United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996) ("[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient."); see also Brown v. United States, 311 F.3d 875, 878 (10th Cir. 2002) (finding no ineffective assistance when an attorney decided "not to raise an issue unsupported by then-existing precedent. . .") (internal citations omitted).

      B.      Prosecutorial misconduct

In his second claim for relief, Petitioner asserts that the prosecution failed to provide favorable evidence to him prior entry of his guilty plea. (Doc. No. 1: Motion at 4). Particularly, he alleges that he was "not allowed to have a copy of Jencks Materials, Gigilio materials, or all the Brady v. Maryland materials …" (Id.). However, at his guilty plea he affirmed that counsel had shown or described discovery materials sufficiently for him to make a knowing choice about his trial options. (Case No. 3:06-cr-189, Doc. No. 170: Plea Hr'g Tr. at 17-18). He has not alleged the existence of any documents the Government failed to provide that would show the prosecutor's conduct was improper and that the conduct caused substantial prejudice and deprived him of right to a fair trial. See United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999) (stating test for reversible prosecutorial misconduct). Therefore, Petitioner is not entitled to a hearing on this claim.

      C.      Actual innocence

8

In this claim, Petitioner argues that he may be actually innocent of the money laundering conviction as alleged in Count Three because of ambiguity in the term "proceeds" and because he had no intent to conceal. (Doc. No. 1 at 3, 10-12). He couches this claim as ineffective assistance of counsel, who allegedly failed at sentencing to protect Petitioner from a double jeopardy situation or multiple punishment for the same offense. (Id. at 11). However, Petitioner's admission in his guilty plea that he conspired to knowingly conduct financial transactions with proceeds from dealing in controlled substances in order to conceal the nature and source of the proceeds, (Case No. 3:06-cr-189, Doc. No. 53: Second Superseding Indictment at 2; Doc. No. 98: Plea Agreement at 1), renders this issue meritless.

Petitioner relies on United States v. Santos, 553 U.S. 507 (2008), in which a plurality of four justices found that the term "proceeds" in the money laundering statute was ambiguous because it could be interpreted to mean either "receipts" or "profits." Petitioner surmises that at the time he was convicted prior to the ruling in Santos, the term was undefined and had no meaning; therefore, he could not lawfully be convicted of an offense where his trucking company and rental properties were not promoted with any illegal activity. (Doc. No. 1 Motion at 11). Petitioner's argument is mistaken because the Supreme Court did not find the statute void for vagueness, but simply limited its reach to "profits" and not "receipts" under the rule of lenity. Santos, 553 U.S. at 514.

Here, the PSR, to which Petitioner did not object and stipulated that it contained a factual basis for his plea, (Case No. 3:06-cr-189, Doc. No. 171: Sent. Hr'g Tr. at 3-4), details specific instances where Petitioner either wired, received or had money deposited in a financial institution in an effort to conceal drug proceeds. For instance, Petitioner admitted he was part of

9

a conspiracy since April 1998 to distribute at least five kilograms of cocaine. (Id., Doc. No. 53: Second Superseding Indictment at 1; Doc. No. 98: Plea Agreement at 1). In July 2003, Petitioner's girlfriend, Schalet Jackson, opened a bank account in which she deposited, over a period of three and a half years, large amounts of cash totaling approximately $100,000, which she received from Petitioner and knew to be derived from illegal narcotics trafficking. (Id., Doc. No. 157: Final PSR at 7). Such subsequent transfers of drug trafficking profits from Petitioner to Jackson render Santos inapplicable.[2] United States v. Rice, 551 F. App'x 656, 662 (4th Cir. Jan. 7, 2014). Accordingly, he is not entitled to relief on his claim of actual innocence.

C.   Motion to amend

Petitioner seeks to add a claim for relief based on the Supreme Court's opinion in Descamps v. United States, 133 S. Ct. 2276 (2013), through a motion to amend submitted after the government filed its answer and motion to dismiss. (Doc. No. 9). Petitioner contends retroactive application of that decision may invalidate his 1999 California felony drug conviction as a predicate for the career offender enhancement. (Id. at 2).

A motion to amend a § 2255 petition is governed by Rule 15 of the Federal Rules of Civil Procedure. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). "Under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." Id. Here, the proposed amendment is futile because Descamps is not retroactive to cases on collateral review. See, e.g., Wilson v. Warden, --- F. App'x ---, 2014 WL

---

[2] Likewise, Petitioner's reliance on Regalado Cuellar v. United States, 553 U.S. 500 (2008), is misplaced. In that case the Supreme Court found the act of hiding money transported to Mexico was insufficient to establish the defendant's knowledge that the action was designed to conceal the nature of the funds. Id. at 563. Here, Petitioner admitted his intent to conceal the illicit nature of the funds when conducting financial transactions detailed in the PSR. (Case No. 3:06-cr-189, Doc. No. 53: Second Superseding Indictment at 1; Doc. No. 98: Plea Agreement at 1).

4345685, at *3 (11th Cir. Sept. 3, 2014); Baker v. Warden, --- F. App'x ---, 2014 WL 4100712, at *1 (5th Cir. Aug. 21, 2014); United States v. Montes, --- F. App'x ---, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014). Therefore, the Court will deny Petitioner's motion to amend.

IV. CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss, (Doc. No. 6), is **GRANTED**;

2. Petitioner's Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**;

3. Petitioner's Motion to Amend, (Doc. No. 9), is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court **DECLINES** to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 25, 2014

Robert J. Conrad, Jr.
United States District Judge

11