IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CR-00189-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| JESSYE WAYNE POWELL (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motions of the defendant pro se for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines regarding to drug offenses and for appointed counsel, (Doc. Nos. 188, 189), counsel's Notice of Ineligibility, (Doc. No. 183), and related pleadings.

The offense level for the defendant's drug offense was determined pursuant to the career offender guideline. (Doc. No. 184: Supplemental Presentence Report at 1). The career offender guideline sets the offense level in relation to the maximum statutory penalty, USSG §4B1.1(b), and was not affected by the 2014 amendments, USSG Supp. to Appx. C., Amend. 782 (2014). Accordingly, the defendant is not eligible for a sentence reduction under that at provision. <u>United States v. Avent</u>, 633 Fed. Appx. 176 (4th Cir. 2016) (Amendment 782 not applicable to sentences derived from career offender guideline); USSG §1B1.10 comment. (n.1(A)(ii)) (defendant not eligible for reduction where another guideline provision prevents lowering of guideline range); <u>Neal v. United States</u>, 516 U.S. 284, 296 (1996)

(retroactive amendment to guidelines does not alter statutory mandatory minimum).

**IT IS, THEREFORE, ORDERED** that the defendant's motion for sentence reduction pursuant to Amendment 782, (Doc. Nos. 187), is **DENIED** and his motion for appointment of counsel, (Doc. No. 188), is **MOOT**.

The Clerk is directed to certify copies of this order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: July 6, 2020

Robert J. Conrad, Jr.
United States District Judge

2

Case 3:06-cr-00189-RJC  Document 190  Filed 07/07/20  Page 2 of 2